1  DONALD CLOYCE WAGDA (CA SBN 257254)
2  547 Blackhawk Club Drive
   Danville, California  94506
3  Telephone:  (650) 644-7151
   donald@wagdalaw.com
4
   *Pro Se* Plaintiff and *Qui Tam* Relator

**FILED**
Jun 14, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DONALD CLOYCE WAGDA, <br><br>  Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, and <br><br> STATE FARM FIRE AND CASUALTY COMPANY, a corporation, and <br><br> STATE FARM GENERAL INSURANCE COMPANY, a corporation, and <br><br> STATE FARM LLOYDS, INC., a corporation, and <br><br> DOES 1-100, jointly and severally, <br><br>  Defendants. | Case No. 2:19-cv-1090-WBS-KJN <br><br> **COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT** <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730** <br><br> **DO NOT ENTER INTO PACER** <br><br> **DO NOT PLACE IN PRESS BOX** |

//

//

//

//

//

COMPLAINT                                                   1

This is a *qui tam* action by Plaintiff Donald Cloyce Wagda ("Relator"), an attorney, to obtain civil penalties and treble damages on behalf of the United States of America against State Farm Mutual Automobile Insurance Company and the other above-captioned defendants (collectively, "Defendants") on account of certain escheatments of federal monies to the State of California in violation of the federal False Claims Act, 31 U.S.C. §§ 3729 - 3733 (the "FCA").  Relator alleges on knowledge as to himself and his own acts, and on information and belief as to all other matters, as follows:

## JURISDICTION

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the Constitution, laws, or treaties of the United States, specifically, the FCA.  In addition, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, because it is a civil action, suit or proceeding commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress, specifically, by Section 3730(b)(1) of the FCA.  *See* 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government…").   The court may exercise personal jurisdiction over the Defendants under 31 U.S.C. § 3732(a), because at least one Defendant transacts business in this judicial district.

## VENUE

2. Venue is proper, pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and at least one Defendant transacts business in this District.

## STATUTE OF LIMITATIONS

3. This action has been timely filed within all applicable statutes of limitation, including those set forth in Section 3731(b) of the FCA.

**FCA FILING PROCEDURES**

4. Pursuant to 31 U.S.C. § 3730(b)(2), this Complaint has been filed *in camera*, will remain under seal for at least 60 days, and will not be served on any Defendant until the Court so orders.

5. In accordance with L.R. 141, Relator has submitted herewith a Plaintiff's Request to Seal Documents, a Notice of Plaintiff's Request to Seal Documents, and a [Proposed] Order Granting Plaintiff's Request to Seal Documents.

6. Pursuant to 31 U.S.C. § 3730(b)(2), Plaintiff has served a copy of this Complaint, and a written disclosure of substantially all material evidence and information possessed by Plaintiff, on the Federal Government through its agents The Honorable McGregor "Greg" Scott, United States Attorney for the Eastern District of California, and The Honorable William P. Barr, Attorney General of the United States.

7. There has been no public disclosure of substantially the same allegations or transactions as alleged in this Complaint (i) in a Federal criminal, civil, or administrative hearing in which the U.S. Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media. Thus, this Action is not barred by the so-called "Public Disclosure Bar" of 31 U.S.C. § 3730(e)(4).

**INTRODUCTION**

8. Every year for over a decade, Defendants have concluded that certain properties held by them satisfy the conditions for escheat set forth in California's Unclaimed Property Law, Cal. Code of Civ. P. §§ 1500 *et seq.* ("UPL"), and have proceeded to report and escheat those properties to the State of California in attempted compliance with the UPL. Among those properties, however, are federal monies that are required instead to be returned to the Federal Government pursuant to the superseding requirements of the FCA. Defendants have failed to meet their obligations under the FCA, giving rise to this Action.

# PARTIES

9. Relator Donald Wagda is an attorney licensed to practice law in California and admitted to practice before the United States District Court for the Eastern District of California. Mr. Wagda resides in Contra Costa County within the State of California.

10. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation headquartered in Bloomington, Illinois.

11. Defendant State Farm Fire and Casualty Company is an Illinois corporation headquartered in Bloomington, Illinois.

12. Defendant State Farm General Insurance Company is an Illinois corporation headquartered in Bloomington, Illinois.

13. Defendant State Farm Lloyds, Inc. is a Texas corporation headquartered in Bloomington, Illinois.

14. Defendants Does 1-100 are natural persons and are sued in their individual capacity. At all times relevant hereto, each of Does 1-100 was an agent of one or more respective Defendants.

15. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 100, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe Defendant so named is responsible in some manner for certain of the penalties and damages suffered by the United States as set forth herein. Plaintiff will amend this Complaint to state the true names and capacities of Defendants Does 1 through 100, inclusive, when they have been ascertained.

16. Each Defendant is a person within the meaning of the FCA.

# GOVERNING LAW AND INFORMATION SOURCES

17. This Action is made pursuant to Sections 3729(a)(1)(C), (D), and (G) of the FCA, in effect since May 20, 2009. In relevant part, Section 3729 of the FCA provides:

COMPLAINT 4

    **(a) Liability for Certain Acts.—**
      **(1) In general.—**Subject to paragraph (2), any person who—
        **(A)** [presents false and fraudulent claims];
        **(B)** [makes or uses false records material to false and fraudulent claims];
        **(C) conspires to commit a violation of subparagraph** (A), (B), **(D)**, (E), (F), **or (G);**
        **(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;**
        **(E)** [makes or delivers receipts with fraudulent intent];
        **(F)** [unlawfully buys federal property or receives it as a pledge]; or
        **(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government,** or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
    is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410[1]), plus 3 times the amount of damages which the Government sustains because of the act of that person.[2]
      **(2)** [Reduced damages in certain cases where culpable persons cooperate.]
      **(3) Costs of civil actions.—**A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.
    **(b) Definitions.—**For purposes of this section—
      **(1) the terms "knowing" and "knowingly"—**
        **(A) mean that a person, with respect to information—**
        **(i) has actual knowledge of the information;**
        **(ii) acts in deliberate ignorance of the truth or falsity of the information; or**
        **(iii) acts in reckless disregard of the truth or falsity of the information; and**
        **(B) require no proof of specific intent to defraud;**
      **(2)** [definition of "claim"];
      **(3)** the term "obligation" means an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment; and
      **(4)** the term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.
    **(c)** [Exemption from Disclosure under Freedom of Information Act.]
    **(d) Exclusion.**  This section does not apply to claims, records, or statements made under the Internal Revenue Code of 1986.

---

[1] So in original. Probably should be "101–410."
[2] The penalty for each violation of Section 3729(a) occurring after November 2, 2015 and assessed after March 1, 2019 is now a minimum of $11,463 and a maximum of $22,927.  84 Fed. Reg. 2445 (March 1, 2019).

31 U.S.C. § 3729 (all emphases supplied).

18.     Before the 2009 amendment, prior Section 3729 (effective Oct. 27, 1986) required a fraudulent intent for liability to attach.[3]  Under modern Sections 3729(a)(1)(C), (D), and (G), however, *liability may attach absent a fraudulent intent* for acts or omissions occurring on or after May 20, 2009. All claims herein are based upon acts or omissions occurring on or after May 20, 2009 and are asserted under the current version of the FCA.

19.     At all times relevant hereto, the escheat provisions of UPL have been pre-empted[4] by the conflicting requirements of Section 3729(a)(1)(D) of the FCA ("Subsection (D)").

20.     All allegations made herein on information and belief are based upon search results obtained through queries of California's Unclaimed Property Database (the "Database").

## FACTUAL ALLEGATIONS

21.     Each corporate Defendant (each a "Holder") has held possession, custody or control of properties and monies used, or to be used, by the Federal Government ("federal properties") for the respective dormancy periods set forth in UPL, then escheated the properties to the State of California instead of returning[5] them to their rightful owner,[6] the United States Government ("Diverted Properties").

22.     Diverted Properties include, without limitation, the 96 items of federal property set forth in Exhibit A hereto, incorporated by reference ("Scheduled Properties"), with an average face value of

---

[3] For example, prior Section 3729(a)(4) (Oct. 27, 1986), the predecessor to modern Subsection D, imposed liability upon "Any person who . . . (4) has possession, custody or control of property or money used, or to be used, by the Government and, *intending to defraud the Government or willfully to conceal* the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt . . .".  See 31 U.S.C. § 3729(a)(4) (Oct. 27, 1986) (emphasis supplied) (superseded by current Section 3729(a)(1)(D) with respect to acts or omissions occurring on or after May 20, 2009).
[4] *See* U.S. CONST. art. VI.
[5] Federal payments can be made via the Federal Government's online payment portal at www.pay.gov.
[6] In many instances, the Federal Government is merely a co-owner.

COMPLAINT                                    6

over $4,118 per item and a total face value of over $395,417.

23. The chart at Exhibit A hereto contains select information from California's Database regarding the Scheduled Properties, including, with respect to each such property, the Property ID, Date Reported (to California by the Holder), Property Type, Holder Name, Owner Name[7] and Cash Reported (*i.e.*, the dollar amount of the property), in each case as reported to the State of California by the Scheduled Properties' respective Holders acting in attempted compliance with UPL.[8] The reference numbers in the column labeled "Ref No." were assigned by the Relator for the convenience of the Court and the Parties.

24. All acts, omissions and knowledge of Holders described herein are also attributable to their respective agents thereof who performed, or are otherwise responsible for, said acts or omissions.

**FIRST COUNT**
**(Failure to Return Federal Property)**
**(31 U.S.C. § 3729(a)(1)(D))**
**(Against All Defendants)**

25. Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

26. Each Holder has had possession, custody, or control of property or money used, or to be used, by the U.S. government, and in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the information, has knowingly delivered, or

---

[7] Non-federal co-owners are listed in California's Database, but excluded from Exhibit A. In addition, per UPL, references to "Owner" in the context of California's Database may refer to the apparent owner, *i.e.*, the person who appears from the records of the Holder to be entitled to the property held by the Holder. *See* Cal. Code of Civ. P. §§ 1501 and 1530 (defining "Apparent Owner" and "Owner" and specifying the required contents of Holders' reports of escheated funds).

[8] Other information contained in the Database, but not in Exhibit A, with respect to Scheduled Properties includes: Shares Reported, Name of Securities Reported, Number of Owners, Owner Address (Owner Street 1, Owner Street 2, Owner Street 3, Owner City, Owner State, Owner Zip, Owner Country Code), Current Cash Balance, Number of Pending Claims, Number of Paid Claims, Date of Last Contact, Holder Address (Holder Street 1, Holder Street 2, Holder Street 3, Holder City, Holder State, Holder Zip) and CUSIP, in each case as reported to the State of California by the Scheduled Properties' respective Holders acting in attempted compliance with UPL.

caused to be delivered, less than all of that money or property, in violation of Subsection (D).

27. Each of the Scheduled Properties was, as of the date reported to the State of California by its Holder, actually known by the Holder to be a federal property, or would have been so known absent the Holder's reckless disregard or deliberate ignorance of the truth or falsity of the information involved. The information reported by the Holder of each such property was in each instance sufficient to provide actual notice, or at least inquiry notice, to the Holder that such property is a federal property.

28. Each of the Scheduled Properties was, by virtue of being reported and escheated to the State of California by its Holder, actually known by the Holder to not have been delivered to the Federal Government, or would have been so known absent the Holder's reckless disregard or deliberate ignorance of the truth or falsity of the information involved.

29. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND COUNT**
**(Materially False Records and Statements)**
**(31 U.S.C. § 3729(a)(1)(G))**
**(Against All Defendants)**

30. Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

31. As described in further detailed below, each Holder has, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, or with actual knowledge of the information, knowingly made and used, and caused to be made or used, false records or statements material to obligations to pay or transmit money to the U.S. government, in violation of Section 3729(a)(1)(G) of the FCA ("Subsection (G)").

32. Each Holder has an obligation, with respect to each of the Diverted Properties held thereby, to pay or transmit money or property to the Federal Government, which obligation arises from

Subsection (D).[9]

33. In connection with the escheatment of each of the Scheduled Properties held by it, each respective Holder made and transmitted to the State of California a record ("Holder's Record") that was used by the State of California to populate the state's Database. Each Holder's Record included substantially all the information that was thereafter set forth in California's Database with respect to the property.

34. For each property listed in Exhibit B hereto, incorporated by reference, the property's respective Holder made a Holder's Record that failed to report an accurate mailing address of the federal owner/co-owner of the property. In each such instance, the federal owner's address, as reported by the Holder, was a residential or other apparently non-federal address, or was materially incomplete or missing. The true address of each such owner was well established and known to the relevant Holder, or in the alternative, could easily have been obtained, recorded and reported by such Holder absent the Holder's reckless disregard or deliberate ignorance of the information involved. For example, in connection with Property ID Number 978052858 (Ref. No. 52), a singular escheat in the amount of $169,860.55, the property's Holder made and transmitted a Holder's Record listing the property's federal co-owner as "MEDICARE PROGRAM," without any address for that federal co-owner. *See* Exhibit C.

35. In addition, each respective Holder has recklessly, or with deliberate ignorance, made certain false Holders' Records including typographical or other facially apparent factual errors.

36. Holders' making of false Holders' Records has, in turn, caused the State of California to make its own false records (repeating the same false information), as described *infra*.

37. Every week since at least April 3, 2019, the State of California has published a comprehensive set of updated, downloadable records of the Database's contents online at

---

[9] In some instances, such an obligation may also arise from another statute or regulation, an express or implied contractual, grantor-grantee, or licensor-licensee relationship, a fee-based or similar relationship, and/or the retention of an overpayment.

https://sco.ca.gov/upd_download_property_records.html (the "Downloadable Records").

38. Downloadable Records generated by the State of California on April 3, 2019 included the Database's contents with regard to all Scheduled Properties, except Property ID. Nos. 978049243, 982099959, 993436663 and 996281921 (Ref. Nos. 46, 61, 83 and 85, respectively).

39. From 2017 to the present, Relator and his agents have performed online queries of the Database at https://ucpi.sco.ca.gov/UCP/Default.aspx, causing the State of California's system to generate abridged online records of information contained therein ("Abridged Records"). The form of Abridged Records is substantially similar to the redacted example set forth at Exhibit B, incorporated by reference.

40. Each of Property ID Nos. 978049243 (Ref. No. 46) and 993436663 (Ref. No. 83) was the subject of Abridged Record(s) generated by the State of California on at least December 1, 2017. Property ID. No. 982099959 (Ref. No. 61) was the subject of Abridged Record(s) generated by the State of California on at least September 25, 2018. Property ID. No. 996281921(Ref. No. 85) was the subject of Abridged Record(s) generated by the State of California on at least November 1, 2018.

41. False "Owner Address" information contained in Holders' Records, Downloadable Records and Abridged Records is material to the obligations to pay or transmit money or property to the U.S. Government, in that it has a natural tendency to influence, or is capable of influencing, fulfillment of the obligations, as follows. First, properties recorded and reported with a false address could be excluded from Abridged Records generated by California's online search system, because the system excludes results where search queries contain text that mismatches or exceeds the text contained in the Database. For example, whereas a search for "Medicare Program" alone would generate an Abridged Record for the $169,860.55 property described above (*see* Exhibit C), a similar search additionally specifying the owner's city as "washington" (or any other city) would generate a search result of "No Match" (since the search term entered for the owner's city wouldn't match the nonexistent city contained

in the Database).  Second, false address records are likely to interfere with mailing of statutorily required notices that would otherwise alert the Federal Government about the status and location of its Diverted Properties, thus delaying recovery of the properties.  *See Taylor v. Yee*, 780 F. 3d 928, 931-933 (9th Cir. 2015) (summarizing the notice requirements of UPL).

42. Typographical and other facially apparent errors contained in Holders' Records, Downloadable Records and Abridged Records are material to obligations to pay or transmit money to the U.S. Government, in that they have a natural tendency to influence, or is capable of influencing, fulfillment of the obligations.  Specifically, Diverted Properties that were reported with a false owner's name by a Holder could be excluded from Abridged Records generated by California's online search system, because, again, the system excludes results where search queries contain text that mismatches or exceeds the text contained in the Database.  For example, a search query for properties belonging to "Department of Veterans Affairs" would fail to generate an Abridged Record with regard to Property Number 996348656, because that $5,153 property is erroneously listed in the Database as belonging to the "DEPARTMENT OF VETERN [sic] AFFAIRS."  For another example, a Scheduled Property reported as belonging to "UNITED STATE [sic] TREASURY" would not have been revealed through an online search of the Database using the any of the following search terms (nor their ALLCAPS equivalents): "United States Treasury," "US Treasury," "U S Treasury," "U.S. Treasury," "U. S. Treasury," "Treasury," "Treasury of the United States," "Treasury of the US," "Treasury of the U.S.," "Treasury of the U S," "Treasury of the U. S.," and so on.  Searches of Downloadable Records could be similarly impaired, since "Control-F" and other database search tools often only find exact matches in response to search queries.

43. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

# THIRD COUNT
### (Conspiracy – 31 U.S.C. § 3729(a)(1)(C))
### (Against All Defendants)

44. Relator realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

45. As detailed above, and in violation of 3729(a)(1)(C) of the FCA, each Holder has knowingly conspired, and may still be conspiring, with the State of California and its agents to commit acts in violation of Subsection (D) and/or Subsection (G). Each Holder has committed one or more overt acts in furtherance of its respective conspiracies.

46. As a result of these acts and omissions, the United States has been, and continues to be, materially damaged.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

# PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and relief as follows:

A. Treble damages (including treble face value of Diverted Properties), as provided by 31 U.S.C. § 3729(a)(1);

B. Civil penalties, to be calculated in accordance with 31 U.S.C. § 3729(a)(1);

C. Costs of this Action, as provided by 31 U.S.C. § 3729(a)(3);

D. Reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs, pursuant to 31 U.S.C. §3730(d)(1)-(2);

D. Such other and further relief as the Court may deem just and proper.

Dated: June 14, 2019

                                                  Donald Cloyce Wagda
                                                  *Pro Se* Plaintiff and *Qui Tam* Relator

## DEMAND FOR JURY TRIAL

Relator, on behalf of himself and the United States, respectfully demands a jury trial in this Action.

Dated: June 14, 2019

                                                  Donald Cloyce Wagda
                                                  *Pro Se* Plaintiff and *Qui Tam* Relator